UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DAMON RAY HOLLINGSWORTH,

          Petitioner,

v.

STATE OF MINNESOTA,

          Respondent.

Civil File No. 05-922 (DSD/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's self-styled application for habeas corpus relief under 28 U.S.C. § 2254.[1] The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Petitioner's application for a writ of habeas corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[2]

As far as the Court can tell, Petitioner is currently being detained at the Anoka Metropolitan Regional Treatment Center in Anoka, Minnesota. Petitioner's submissions, (which are virtually incomprehensible), provide no information about the cause or reasons for his detention, or the expected duration of his confinement. Furthermore, Petitioner has not

---

[1] Although Petitioner has not specifically cited § 2254, his submissions indicate that he is currently in state custody, and that he is seeking release from custody. Furthermore, he tendered a $5.00 filing fee with his pleading, which is the proper filing fee only for a habeas corpus action. See 28 U.S.C. § 1914(a). Petitioner's pleading must therefore be viewed as a habeas corpus petition.

[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Dockets.Justia.com

offered any intelligible reason why he should be released from confinement.

More significantly, (at least for present purposes), Petitioner has made no effort to show that he has exhausted all available state court remedies that could be used to challenge his confinement. It is well established that a federal court may not entertain a petition for a writ of habeas corpus brought by a person in state custody, unless the petitioner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). To exhaust his state court remedies, a habeas petitioner must fairly present all of his claims to the highest available state court before seeking relief in federal court. O'Sullivan, supra. See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").

Even if Petitioner is in custody pursuant to a civil commitment action, rather than a state criminal action, there are state court remedies available to him, which he must exhaust before seeking federal habeas corpus relief. See State ex rel. Anderson v. U.S. Veterans Hospital, 128 N.W.2d 710, 714 (Minn. 1964) (recognizing that a civilly committed patient may challenge the constitutionality of his confinement through state habeas corpus procedures).

Because Petitioner has not shown that he has exhausted his state court remedies, his present petition cannot be entertained at this time. It will therefore be recommended that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. It will be recommended that the action be dismissed without prejudice, so that Petitioner will be able to return to federal court, if necessary, after he has presented all of his claims for relief to the

Minnesota state courts -- including the Minnesota Supreme Court.[3]

## RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily

dismissed without prejudice.

Dated: May 17, 2005

         _s/ Susan Richard Nelson_
         SUSAN RICHARD NELSON
         United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by June 6, 2005 a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.

---

[3] If Petitioner should find it necessary to return to federal court after fully exhausting all possible state court remedies, he will have to submit his next petition on the habeas corpus form prescribed for use in this District. See Local Rule 9.3. He will also have to make sure that the form is properly completed, so that the reasons for his confinement and the nature of his claims can be more readily discerned.